IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARCHER MOTOR SALES CORP., | § | |
|      Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3587 |
| | § | |
| MAZDA MOTOR OF AMERICA, | § | |
| INC., | § | |
|      Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Leave to File Amended Complaint ("Motion to Amend") [Doc. # 13] filed by Plaintiff Archer Motor Sales Corp. ("Archer"), to which Defendant Mazda Motor of America, Inc. d/b/a Mazda North American Operations ("Mazda") filed a Response [Doc. # 18], and Plaintiff filed a Reply [Doc. # 19].[1]  Having reviewed the full record and having applied the governing legal standard, the Court **grants** the Motion to Amend.

## I.    BACKGROUND

Archer began operating a Mazda dealership in Houston, Texas, in 1977.  Texas law provides that an existing dealership may protest the licensing of another

---

[1]     Also pending is Defendant's Motion for Judgment on the Pleadings [Doc. # 10]. Because Plaintiff is granted leave to file an amended complaint, Defendant's motion will be denied without prejudice as moot.

dealership selling the same line of automobiles if the new dealership is located within a fifteen-mile radius of the original dealership. *See* TEX. OCCUPATION CODE § 2301.652(b). Archer alleges that in 1986 Mazda desired to award a new dealership in Archer's area to Bob Marco (later Joe Myers Motors Three, Inc. d/b/a Joe Myers's Mazda). Archer alleges that, in exchange for Archer's agreement not to contest the Marco dealership, Mazda agreed to offer the next Houston area Mazda dealership to Archer. Archer alleges that, in reliance on and in accordance with the parties' agreement, it did not protest the new dealership, which caused a reduction in auto sales for Archer's existing dealership.

Archer alleges that Mazda breached this agreement when it offered and awarded the next Mazda dealership in Houston to Russell & Smith Ford d/b/a Russell & Smith Mazda, not to Archer. Archer claims that it is entitled to recover for the sales it lost to the Marco dealership between 1989 and 2004.

Plaintiff filed this lawsuit in state court and it was removed to federal court. Mazda filed a Motion for Judgment on the Pleadings, arguing that the alleged agreement did not constitute an enforceable contract and that the statute of limitations had expired. Plaintiff then moved to amend its complaint to allege more fully the factual basis for an enforceable contract. Plaintiff also seeks to plead that its claims did not accrue until October 20, 2004, within the four-year statute of limitations, and

alternatively that the discovery rule should apply if the claim accrued before October 2004.  The Motion to Amend has been fully briefed and is now ripe for decision.

## II.   <u>ANALYSIS</u>

The deadline for amendments to pleadings was March 27, 2009, and Plaintiff's Motion to Amend was filed May 12, 2009.  Rule 16(b) governs the amendment of pleadings after a scheduling order's deadline to amend has expired.  *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (citing *S & W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003)).  Rule 16(b) provides that after a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent," and the party seeking relief must "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.*  The party seeking a post-deadline amendment "must show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply to the district courts's denial of leave to amend." *Id.* (citing *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)).  "Four factors are relevant to good cause:  '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment;  (3) potential prejudice in allowing the amendment;  and (4) the availability of a continuance to cure such prejudice.'" *Id.* (quoting *Southwestern Bell Tel. Co.,* 346 F.3d at 546).

Plaintiff explains that, at the time the original petition was filed in state court, it did not know the date Russell & Smith began the dealership application process with Mazda in 2004.[2]  Plaintiff states in its Reply that it could not have filed the amended complaint until it received relevant documents from the Texas Department of Transportation under an Open Records request.

The amended pleading is important because it explains more fully the factual basis for the existence of an enforceable contract.  Additionally, Plaintiff in the amended pleading explains more clearly its position that its claims did not accrue when Russell & Smith began the dealership application process, but later on October 20, 2004 when Russell & Smith entered into a Dealer Agreement with Mazda. Alternatively, Plaintiff asserts in the proposed amended complaint that if the claims arose before October 20, 2004, the discovery rule applies.

There is no indication that Defendant will be prejudiced by the amendment, except that its Motion for Judgment on the Pleadings will become moot.[3]  The case

---

[2]     Mazda argues that the statute of limitations began to run when it offered the new dealership to Russell & Smith in the summer of 2004.

[3]     If the Court were to deny leave to amend and agree with Defendant that the Motion for Judgment on the Pleadings should be granted, the Court would be inclined to allow the plaintiff an opportunity to replead.  *See, e.g., Waste Control Spec., L.L.C. v. Envirocare of Tex., Inc.*, 199 F.3d 781, 786 (5th Cir. 1999).  As a result, the mootness of the pending Motion for Judgment on the Pleadings does not prejudice Defendant.

was removed in early December 2008, the scheduling conference was held in early February 2009, and none of the expert designation or other discovery deadlines have expired.  Indeed, the deadline to complete discovery is September 30, 2009.  There remains ample time to complete discovery without any extensions.  The Court would be willing to grant such extensions, however, by agreement of the parties or for good cause.

Based on the Court's consideration of the four relevant factors, particularly the importance of the amendment and the absence of prejudice to Defendant, the Court concludes that Plaintiff has shown good cause for allowing the amendment after the March 2009 deadline.

## III.    CONCLUSION AND ORDER

Plaintiff has shown good cause under Rule 16(b) for its request to file an amended complaint.  Accordingly, it is hereby

**ORDERED** that the Motion to Amend [Doc. # 13] is **GRANTED**.  Plaintiff is directed to file the First Amended Complaint, attached as Exhibit A to the Motion to Amend, as a separate docket entry.  It is further

**ORDERED** that Defendant's Motion for Judgment on the Pleadings [Doc. # 10] is **DENIED AS MOOT**.

SIGNED at Houston, Texas, this **15th** day of **June, 2009**.

Nancy F. Atlas
United States District Judge