**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| ARCHER MOTOR SALES CORPORATION, | § § § | |
| PLAINTIFF | § § | |
| v. | § § | CIVIL ACTION NO.  08-3587 |
| MAZDA MOTOR OF AMERICA, INC., D/B/A MAZDA NORTH AMERICAN OPERATIONS, | § § § § | |
| DEFENDANTS. | § § | |

TO THE HONORABLE JUDGE OF THIS COURT:

## DEFENDANT MAZDA MOTOR OF AMERICA, INC.'S
## FIRST AMENDED ANSWER

Defendant MAZDA MOTOR OF AMERICA, INC., D/B/A MAZDA NORTH AMERICAN OPERATIONS ("Mazda"), files this First Amended Answer to Plaintiff's First Amended Original Petition filed by Plaintiff ARCHER MOTOR SALES CORPORATION ("Archer Motor").

### I.     ANSWER

Mazda answers the specific allegations of Archer Motor's First Amended Petition as follows:

1.     Archer Motor's statement regarding jurisdiction in Paragraph 1 does not require an admission or denial.

2.     Mazda admits that Archer Motor is a corporation originally formed in Texas. Mazda has insufficient information to admit or deny whether Archer Motor's principal office is in Harris County.

3.      Mazda admits the allegations in Paragraph 3 of Archer Motor's First Amended Petition.

4.      Mazda admits that venue is proper in Harris County.  Mazda denies the remainder of the allegations in Paragraph 4 of Archer Motor's First Amended Petition.

5.      Mazda admits the allegations in Paragraph 5 of Archer Motor's First Amended Petition.

6.      Mazda denies the allegations in Paragraph 6 of Archer Motor's First Amended Petition.

7.      Mazda admits the allegations in Paragraph 7 of Archer Motor's First Amended Petition.

8.      Mazda admits the allegations in Paragraph 8 of Archer Motor's First Amended Petition.

9.      Mazda denies the allegations in Paragraph 9 of Archer Motor's First Amended Petition.  For further clarification, Archer Motor did not continuously conduct business at the specified location during the specified time.

10.     Mazda denies the allegations in Paragraph 10 of Archer Motor's First Amended Petition.

11.     Mazda denies the allegations in Paragraph 11 of Archer Motor's First Amended Petition.

12.     Paragraph 12 of Archer Motor's First Amended Petition is a statement of law that does not raise allegations that Mazda can admit or deny.

13.     Mazda denies the allegations in Paragraph 13 of Archer Motor's First Amended Petition.

14.     Mazda denies the allegations in Paragraph 14 of Archer Motor's First Amended Petition.

15.     Regarding Paragraph 15 of Archer Motor's First Amended Petition, Mazda admits only that it wrote a letter to Archer Motor that stated that Mazda "will offer the next Houston area Mazda point to the Archer organization, subject to the then in effect guidelines for Mazda metro dealers in general."  (See June 23, 1986 Letter, **attached as Exhibit A**.)  Mazda denies the remaining allegations in Paragraph 15 of Archer Motor's First Amended Petition.

16.     Mazda denies the allegations in Paragraph 16 of Archer Motor's First Amended Petition.  Mazda further pleads that Mazda's *only* relationship with Archer Motor was as an authorized Mazda dealer pursuant to the terms of the Direct Dealer Agreement (also known as a Mazda Dealer Agreement or a Mazda Dealer Sales and Service Agreement).

17.     Archer Motor's statement in Paragraph 17 does not require an admission or denial.

18.     Regarding Paragraph 18 of Archer Motor's First Amended Petition, Mazda admits only that it wrote a letter to Archer Motor that states that Mazda "will offer the next Houston area Mazda point to the Archer organization, subject to the then in effect guidelines for Mazda metro dealers in general."  (See June 23, 1986 Letter, **attached as Exhibit A**.)  The letter does *not* mention or refer to a planned new dealership or any agreement by Plaintiff to "restrain from protesting" that dealership.  Mazda denies the remaining allegations in Paragraph 18 of Archer Motor's First Amended Petition.

19.     Regarding Paragraph 19 of Archer Motor's First Amended Petition, Mazda admits that it wrote the aforementioned letter to Archer Motor (see **Exhibit A**).  Mazda denies Archer Motor's allegations in Paragraph 19 that this letter was an enforceable promise.

20.     Mazda denies the allegations in Paragraph 20 of Archer Motor's First Amended Petition.

21.     Mazda denies the allegations in Paragraph 21 of Archer Motor's First Amended Petition.

22.     Mazda denies the allegations in Paragraph 22 of Archer Motor's First Amended Petition.

23.     Mazda denies the allegations in Paragraph 23 of Archer Motor's First Amended Petition.

24.     Mazda denies the allegations in Paragraph 24 of Archer Motor's First Amended Petition.

25.     Mazda denies the allegations in Paragraph 25 of Archer Motor's First Amended Petition.

26.     Archer Motor's statement in Paragraph 26 does not require an admission or denial.

27.     Regarding Paragraph 27 of Archer Motor's First Amended Petition, Mazda admits that it wrote a letter to Archer Motor in June 1986 (see **Exhibit A**) but denies the remaining allegations and legal conclusions asserted in Paragraph 27 of Archer Motor's First Amended Petition.

28.     Mazda denies the allegations in Paragraph 28 of Archer Motor's First Amended Petition, including Archer Motor's characterization of the letter as an enforceable contract.  For point of clarification, Mazda admits that the letter impliedly referenced in Paragraph 28 of Archer Motor's First Amended Petition was addressed to Archer Motor.

29.     Mazda admits that it knows of no protest filed by Archer Motor with the Motor

Vehicle Board regarding a Highway 290 location.  Mazda denies the remaining allegations in Paragraph 29 of Archer Motor's First Amended Petition.

30.     Mazda denies the allegations and legal conclusions in Paragraph 30 of Archer Motor's First Amended Petition.  Mazda further pleads that (a) there was no contract in effect between Archer Motor and Mazda when Russell & Smith Mazda opened, and (b) Archer Motor had released Mazda from all obligations prior to this time.  (See Release, **attached as Exhibit B**.)  Also, Archer Motor complains of the offering of a new dealership to Russell & Smith Mazda, which Mazda approved on July 29, 2004.  (See Mazda letter to Mr. Smith, **attached as Exhibit C.**)  Mazda communicated this to the State on August 6, 2004, and it was again communicated to Mazda's dealers on September 22, 2004.

31.     Mazda denies the allegations in Paragraph 31 of Archer Motor's First Amended Petition.

32.     Mazda denies the allegations and legal conclusions in Paragraph 32 of Archer Motor's First Amended Petition.

33.     Mazda admits this suit was filed in Harris County on October 6, 2008, but denies the remainder of the allegations in Paragraph 33 of Archer Motor's First Amended Petition.

34.     Mazda denies the allegations and legal conclusions in Paragraph 34 of Archer Motor's First Amended Petition.

35.     Regarding the allegations in Paragraph 35 of Archer Motor's First Amended Petition, Mazda admits that the dealership awarded to Russell & Smith Mazda was not offered to Archer Motor.  Mazda denied the remainder of the allegations in Paragraph 35.

36.     Mazda denies the allegations in Paragraph 36 of Archer Motor's First Amended Petition.

37.     Archer Motor's statement in Paragraph 37 does not require an admission or denial.

38.     Mazda denies the allegations in Paragraph 38 of Archer Motor's First Amended Petition.

39.     Mazda denies the allegations in Paragraph 39 of Archer Motor's First Amended Petition.

## II.     DEFENSES AND AFFIRMATIVE DEFENSES

40.     Subject to and without waiving the foregoing, and for further answer, Mazda alleges that Archer's claims are barred by the statute of limitations.

41.     Subject to and without waiving the foregoing, and for further answer, Mazda avers that Archer's own conduct contributed to any alleged damages.

42.     Subject to and without waiving the foregoing, and for further answer, Mazda avers that Archer's claim is barred because any alleged offer was revoked prior to acceptance.

43.     Subject to and without waiving the foregoing, and for further answer, Mazda avers that Archer's claim is barred by vagueness and indefiniteness of terms.

44.     Subject to and without waiving the foregoing, and for further answer, Mazda avers that Archer's claim is barred by the statute of frauds.

45.     Subject to and without waiving the foregoing, and for further answer, Mazda avers that Archer's claim fails for lack or failure of consideration.

46.     Subject to and without waiving the foregoing, and for further answer, Mazda avers that Archer's claim is barred by the doctrines of waiver and release.

47.     Subject to and without waiving the foregoing, and for further answer, Mazda avers that Archer's claim is barred by impossibility of performance.

48.     Subject to and without waiving the foregoing, and for further answer, Mazda avers that Archer's claim fails because of Archer's failure to mitigate damages.

### III.     PRAYER

Defendant Mazda Motor of America, Inc. prays that upon trial hereof, it has judgment that Plaintiff Archer Motor Sales Corporation takes nothing against it, and that Defendant receives its reasonable and necessary attorneys' fees and costs, and as well as all other relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

__s/ Brit T. Brown (by permission)_____
Brit T. Brown
Southern District of Texas ID 12050
Texas Bar No. 03094550
BEIRNE, MAYNARD & PARSONS, L.L.P.
1300 Post Oak Blvd.
Houston, Texas  77056
Telephone: (713) 623-0887
Facsimile:  (713) 960-1527

**ATTORNEY-IN-CHARGE FOR DEFENDANT
MAZDA MOTOR OF AMERICA, INC.**

**OF COUNSEL**:

**BEIRNE, MAYNARD & PARSONS, L.L.P.**

John K. Broussard
Southern District of Texas ID 573330
Texas Bar No. 24045565
1300 Post Oak Blvd., 25th Floor
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that true and correct copies of Defendant's First Amended Answer was served on Plaintiff's counsel and all other known counsel of record via CM/ECF and certified mail, return receipt requested, on this 13th day of July, 2009.

Charles Wist
WIST HOLLAND & KEHLHOF, L.L.P.
720 North Post Oak Road, Suite 610
Houston, Texas  77024
ATTORNEYS FOR PLAINTIFF
JAMES E. ARCHER

__ s/ John K. Broussard_____
John K. Broussard, Jr.

1092139v.1 002317/080600